UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOANNE KELSO; an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>INTEGRITY SOLUTION SERVICES, INC., a foreign corporation; and DOES 1 to 10, inclusive,<br>　　　　Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** [15 U.S.C. § 1692]<br><br>2. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT** [47 U.S.C. § 227] |

## COMPLAINT FOR DAMAGES

### I.　INTRODUCTION

1.　JoAnne Kelso ("Plaintiff") brings this action against Integrity Solution Services, Inc. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The FDCPA prohibits false or deceptive practices in connection with the collection of debts. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

### II.　JURISDICTION AND VENUE

2.　Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United

States district court. Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Plaintiff resides in this District, Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

### III. PARTIES

4. Plaintiff is an individual residing in Cape Coral, Lee County, Florida 33993. Plaintiff is a natural person obligated or allegedly obligated to pay any debt and, as such, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a foreign corporation, registered under the laws of the State of Missouri. Defendant's principal place of business is located at 20 Corporate Hills Drive, St. Charles, Missouri 63301. Defendant is registered with the Florida Department of State, Division of Corporations. Defendant's agent for service of process in Florida is Lexis Document Services, Inc., 1201 Hays Street, Tallahassee, Florida 32301.

6. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, Florida. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this

Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.  FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect a debt originally incurred with Wal-Mart ("alleged debt").

9. The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number (305) 407-1127.

11. Within one year prior to the filing of this action, Defendant constantly and continuously contacted Plaintiff at Plaintiff's cellular telephone number (239) 209-0249.

12. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly.

13. Between July 10, 2013 and August 13, 2013, Defendant called Plaintiff on Plaintiff's cellular telephone number (239) 209-0249 no less than one hundred (100) times.

14. Within one year prior to the filing of this action, Defendant regularly called Plaintiff multiple times over the course of one day. For example, on or about, but not limited to, July 18, 2013, July 20, 2013, July 29, 2013, July 30, 2013, Defendant called Plaintiff on Plaintiff's cellular telephone number (239) 209-0249 no less than six (6) times. For example, on or about, but not limited to, July 10, 2013, July 12, 2013, July 21, 2013, July 31, 2013,

Defendant called Plaintiff on Plaintiff's cellular telephone number (239) 209-0249 no less than five (5) times.

15. On or about August 5, 2013, Plaintiff notified Defendant in writing that Defendant was calling Plaintiff at Plaintiff's cellular telephone. Plaintiff notified Defendant in writing that Plaintiff was unable to pay Defendant. Plaintiff requested in writing that Defendant cease contacting Plaintiff. A true and correct copy of Plaintiff's letter to Defendant dated August 5, 2013, is attached hereto as "Exhibit A."

16. Subsequent to August 5, 2013, Defendant called Plaintiff no less than twenty-five (25) times.

17. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

18. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

19. At all times relevant to this action, while conducting business in Florida, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

20. At all times relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

21. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number (239) 209-0249 multiple times using an artificial

prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

22. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

23. Even assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent was revoked when Plaintiff demanded that Defendant cease calling Plaintiff on Plaintiff's cellular telephone on or about, but not limited to, August 5, 2013.

24. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

25. Defendant is not a tax exempt nonprofit organization.

26. Defendant's violation of the TCPA was willful.

27. Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than twenty-five (25) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

///

///

///

## V. FIRST CAUSE OF ACTION

### (Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(c) by communicating with a consumer after a consumer notifies the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer; and

(b) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(c) Defendant violated 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversations repeatedly or continuously with intent to annoy, abuse or harass any person at the called number; and

(d) Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

30. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debts.

31. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI. SECOND CAUSE OF ACTION

### (Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a)     Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

34.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

35.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)     Declaratory judgment that Defendant's conduct violated the FDCPA and the TCPA pursuant to 28 U.S.C. §§ 2201 and 2202; and

(b)     An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. § 227(b)(3)(B); and

(d)     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2); and

(e)     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(f)     As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(g)     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(h)     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(i)     For such other and further relief as the Court may deem just and proper.

## VIII. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED

Dated: August 15, 2013

CRUMLEY & WOLFE, P.A.

By: /s/ Benjamin H. Crumley
    Benjamin H. Crumley
    Florida Bar Number: S18284
    ben@cwbfl.com
    Crumley & Wolfe, P.A.
    2254 Riverside Avenue
    Jacksonville, Florida 32204
    Telephone: 904.374.0111
    Facsimile: 904.374.0113
    *Attorney for Plaintiff*

# EXHIBIT A

August 5, 2013

Integrity Solution Services, Inc.
20 Corporate Hills Drive
St. Charles, MO 63301

To Whom It May Concern,

I am receiving an overwhelming volume of collection calls from ISS. The calls are coming from telephone number (305) 407-1127. The calls are coming to my cellular telephone number (239) 209-0249. I am unable to pay the debt you are calling me to collect right now. Please stop calling me. I will contact you when I am able to make a payment.

Sincerely,

JoAnne Kelso
1620 NW 6th Avenue
Cape Coral, FL 33993